UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDELL LOWELL JAMES TURNER,<br><br>Plaintiff,<br><br>v.<br><br>ADALBERTO ALBERTO, et al.,<br><br>Defendants. | Case No. 3:20-cv-02980-JD<br><br>**ORDER RE MOTION TO VACATE AND MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>Re: Dkt. No. 47, 50, 58 |

This is a case brought by pro se plaintiff Randell Turner against several individuals and the City of Union City. Dkt. No. 1 at 2. Turner originally filed in state court alleging constitutional violations under 42 U.S.C. § 1983. *Id.* Defendants timely removed to federal court after Turner filed and served his Second Amended Complaint. *Id.* Following removal, Turner moved to remand to the California Superior Court of Alameda, Dkt. No. 13, and defendants moved to dismiss the case, Dkt. No. 20. The Court denied a remand and granted the motion to dismiss with leave to amend. Dkt. No. 43.

In lieu of amending his complaint (and later filing a declaration to stand on the original complaint, Dkt. No. 49), Turner appealed to the Ninth Circuit, Dkt. No. 45. The appeal was dismissed by the Ninth Circuit. Dkt. No. 48. Turner filed a second notice of appeal, Dkt. No. 51, and the same day brought the present motion to vacate the Court's order, Dkt. No. 50. The Ninth Circuit has since dismissed Turner's second appeal. Dkt. No. 56.

As a starting position, defendants say that the motion to vacate should be denied because the Court lacks jurisdiction as a consequence of Turner's appeal. Dkt. No. 54 at 4. While filing a notice of appeal typically divests the district court of jurisdiction to consider a motion to vacate, *see Davis v. Yageo Corp.*, 481 F.3d 661, 685 (9th Cir. 2007), a remand to the district court gives it

jurisdiction to consider the motion, *see Gould v. Mutual Life Ins. Co. of N.Y.*, 790 F.2d 769, 772 (9th Cir. 1986). In addition, both of Turner's appeals have been dismissed. Consequently, the motion to vacate is properly before the Court.

Defendants also suggest that the motion is premature because there has been no judgment in this case. Dkt. No. 54 at 3. Federal Rule of Civil Procedure 60(b) contemplates "relief from a Final Judgment, Order, or Proceeding," and so is not limited to a judgment. Turner's motion is docketed as a "motion to vacate order." Dkt. No. 50. "A document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations omitted). A fair reading is that Turner's motion is directed to the Court's order, Dkt. No. 43, and so will be considered.

Turner relies on Rule 60(b)(3) and (b)(4) for his motion. Dkt. No. 50 at 6-7. Rule 60(b)(3) states that "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party" may be grounds for relief from an order. To prevail under 60(b)(3), "the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004). Rule 60(b)(3) should not be used as an "attempt to relitigate the issue central to the merits of this case." *Id*. at 1261.

Turner says that defendants' counsel provided the Court with false documents in to show that the case was properly removed. Dkt. No. 50 at 6. The record does not support this allegation. Turner did not provide any facts or evidence of fraud along the lines he suggests. All he makes are conclusory allegations that are not sufficient to warrant relief.

The Court may grant relief from a judgment or order under Rule 60(b)(4) if the "judgment is void." Even assuming this provision is germane to the motion at hand, it applies "only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). Neither circumstance is present here. Turner again suggests that jurisdiction is lacking because the removal from the Superior Court was improper, but his complaint alleged claims under 42 U.S.C. § 1983, giving the Court

subject matter jurisdiction under 28 U.S.C. § 1331. The Court has already denied a remand on this record, and will not reconsider that now. Dkt. No. 43. The Court has personal jurisdiction over Turner because he is domiciled in California as a resident of Alameda County. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile.") (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)). As the docket entries indicate, he certainly has not been deprived of notice or an opportunity to be heard.

As a closing point, Turner says that the Court should stay the execution of the judgment pursuant to Rule 62(b)(4). Dkt. No. 50 at 6. It is unclear exactly what Turner is requesting, especially because Turner appears to rely on outdated version of Rule 62, which was amended in 2018. The current Rule 62(b) provides that a party may stay a judgment by providing a bond or other security. In any event, the record shows no good reason for a stay since no judgment has been entered and Turner has not provided a bond or security.

Turner has also filed several applications to proceed *in forma pauperis*. Dkt. Nos. 47, 58. While Turner was granted leave to amend his complaint following the Court's order re motions to remand and dismiss, *see* Dkt. No. 43 at 5, Turner later filed a declaration to stand on the complaint, Dkt. No. 49. As a result, the complaint has already been dismissed, and Turner's subsequent applications to proceed *in forma pauperis* are denied as moot.

Because Turner has declared his intent to stand on his complaint, Dkt. No. 49, judgment will be entered and the case closed.

**IT IS SO ORDERED.**

Dated: November 1, 2021

JAMES DONATO
United States District Judge